Noti, J..,
delivered the opinion of the court:
This is an action brought to recover the contract price of 6,000 carbines, manufactured for the government in 1863-’61. The damages are laid at $103,000.
The claim in this case was transferred to this court by the Secretary of War, under the Act 25th June, 1868, (15 Stat. L., p. 75, § 7,) which, stripped of verbiage, reads as folio ws: “ That it shall and may be lawful for the head of any executive department, whenever any claim is made upon said department involving disputed facts or controverted questions of law,” “ to cause such claim, with all the vouchers, papers, proofs, and documents pertaining thereto, to be transmitted to the Gourt of Claims; and the same shall be there proceeded in as if originally commenced by the voluntary action of the claimant:” “Provided, however, That no case shall be referred” “ unless it belongs to one of the several classes of cases to tohich, by reason of the subject-matter and character, the said Gourt of Claims might, under existing latos, take jurisdiction. *101 on such voluntary action of the claimant; and all the cases mentioned in this section which shall he transmitted hy the head of any executive department, or upon the certificate of any Auditor or Comptroller, shall he proceeded in as other cases pending in said court, and shall, in all respects, he subject to the same rules and regulations.”
With the claim the Secretary has also transmitted what he terms u the facts in the case which have heen the subject of agreementHe also says, in the same instrument: u The said claim, althóugh involving, 'as noio presented, no disputed facts¡, does yet involve a controverted question of law; ” and he finally adds, after setting forth the controverted question of law: “ This question, upon the. facts above presented, is submitted for the judgment of your honorable court.” It is apparent that the Secretary supposed that he possessed the full authority of the law for agreeing with the claimant upon a statement of facts, and that he transmitted the claim to this court upon the assumption that the u controverted qxiestion of law ” would be decided 11 upon the facts” hy which it was “ presented.”
Upon the trial both parties referred to, and, to a certain extent, relied upon, the agreed facts; hut the claimant introduced testimony to add to and strengthen his case, and the defendants introduced testimony which, by itself, would utterly overthrow the agreed statemeut.
It is also to be noted that, while the statement of the Secretary sets forth facts sufficient to enable the court intelligently to examine and pass upon the u controverted question of law,” it is defective in not setting forth certain minor particulars essential for ascertaining the correct measure of damages.
Out of these facts, and from this evidence, arise a number of legal questions of no little importance in the future practice of this court: •
1. Has the head of a department power under the statute to agree with a claimant upon a' statement of facts so as to make a “ controverted question of law” tó he transmitted to this court for its decision ?
2. If such a statement is mutually agreed upon, and the il controverted question of law ” upon these agreed facts is submitted, can the court allow to be mingled with the case issues of fact! Can it allow a new case to be made, and admit lldis *102 puted facts” to be tried, Vhen no disputed facts have entered into the submission of the case by the Secretary ?
3. If the head of a department may agree upon facts so as to present a controverted question of law under the statute, and the claimant chooses to introduce new issues of fact, can he use the agreed statement as evidence to support such issues, or for any other purpose than that of presenting the u controverted question of law 1”
If the first of these questions could be answered satisfactorily in the affirmative, it is evident that, a great step would be taken toward the more prompt and convenient administration of justice. The parties would be saved the great expense and long' delay of examining witnesses and printing testimony; the court could direct its entire attention to the real point of controversy, the “ controverted question of kmsuch transmitted cases might go upon the law docket, and be argued and decided and returned to the department whence they came within a single month. The law abhors an inconvenience, and a greater can hardly be conceived than that of making litigants establish facts by formal testimony as though they were disputed, where no dispute exists.
Unfortunately, however, the court is equally divided upon the admissibility of the agreed facts, and the effect to be given to them; and is also equally divided as to the admissibility of testimony dehors the agreed facts, and the effect to be given to it. For reasons of a personal nature, one of the judges has felt himself constrained not to sit in the case, and we all feel assured that it will have to go to the Supreme Court for final decision. Therefore we have determined, in accordance with precedents in this and other courts, to frame a statement of facts so full as to present the entire merits of the case, both on the agreed facts and on the weight of the other evidence, and to render judgment pro forma against the claimant.
The judgment of the court is that the petition be dismissed.